UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America,

v.  Case No. 2:18-cr-204(18)

Marcus Walton,  Judge Michael H. Watson

Defendant.

## OPINION AND ORDER

On December 2, 2021, Defendant filed an emergency motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 715. His counsel filed a supplemental motion on February 3, 2022. ECF No. 732. The Court considers these motions together. The Government opposes Defendant's motion, and Defendant has filed a reply. ECF Nos. 742 & 744.

I.

The Government first argues that Defendant failed to exhaust his administrative remedies. Resp., ECF No. 742. Defendant asserts he did exhaust his administrative remedies based on an unsigned and undated request form, and a signed certified mail return receipt, both of which he attached to his motion. ECF No. 715, at PAGEID # 3690.

A motion under 18 U.S.C. § 3582(c)(1)(A) requires a defendant to exhaust administrative remedies or wait at least thirty days after requesting relief from the Bureau of Prisons ("BOP"), before filing a motion with the Court. There are good

reasons for this requirement. This Court is not well-positioned to evaluate how the BOP can best handle a crisis at each of its facilities or which inmates are best suited for early release to home confinement. Further, it is the defendant's burden to demonstrate that he has exhausted administrative remedies. *See, e.g., United States v. Lewis,* No. 1:18-CR-123-2, 2020 WL 6827498, at *3 (S.D. Ohio Nov. 21, 2020) ("[Defendant] must prove with evidence that he made a request to the warden, and that it was received by the warden, in order to establish that thirty days elapsed before he moved this Court for relief."); *United States v. Nelson,* No. 1:08-CR-068, 2021 WL 615366, at *2 (S.D. Ohio Feb. 17, 2021) (explaining that a defendant must attach evidence to support his assertion that he has exhausted administrative remedies); *United States v. Poole*, 472 F. Supp. 3d 450, 455 (W.D. Tenn. 2020) ("The defendant bears the burden of showing he has exhausted his administrative remedies and is entitled to compassionate release.").

A few courts have addressed whether a signed certified mail receipt, accompanied only by a request letter, can demonstrate that a Defendant has exhausted his administrative remedies, with varying results. For example, in *United States v. Knox*, No. 3:12-CR-0252-B, 2020 WL 4432852 (N.D. Tex. July 31, 2020), the court found that the defendant's request letter in combination with a certified mail receipt was not proof that the compassionate release request "ever reached the warden," and so held that the Defendant failed to exhaust

administrative remedies. *Id.* at *2–3. In contrast, the court in *United States v. Montgomery*, 481 F. Supp. 3d 1179 (E.D. Wash. 2020) held that a certified mail receipt and an undated request showed that the Defendant had petitioned the warden and was sufficient to establish exhaustion of administrative remedies. *Id.* at 1181.

The Court finds that, at least on the facts of this case, Defendant has failed to satisfy the exhaustion requirement. Turning first to the certified mail receipt, the Court finds it is insufficient to show that the Warden received Defendant's request. The certified mail address, which presumably was completed by Defendant, clearly indicates that it was addressed to "Warden Wolfe." ECF No. 715, at PAGEID # 3690. Whether Warden Wolfe received it, however, is less clear. The receipt is signed by someone with the first name "B" or "G" or "Bran" or "Gram" or something similar; and the last name of "Willison" or "Willson." *Id.* Defendant has not explained who this person is, or how (or if) they are connected to the Warden. Further, Defendant has provided no proof that the receipt-signor actually delivered the request to the Warden. And as to the request itself, it is not dated or signed, nor does it give any other indication that it was ever received by any prison official. ECF No. 715, at PAGEID # 3689. Considering all these factors, Defendant has failed to satisfy his burden of showing that he exhausted his administrative remedies. So, Defendant's motion is denied on that basis.

II.

In the alternative, the Court finds that Defendant's motion fails on the merits. The motion requests a sentence reduction because of the ongoing COVID-19 pandemic and because of his serious medical issues. *See generally* Mot., ECF No. 732. Defendant is concerned for his safety given the spread of COVID-19 and represents that he has several risk factors that could cause a more serious outcome if he were to contract the virus. *See, e.g., id.* at 4. Defendant is also concerned that his left ankle, on which he had surgery in 2017, is deteriorating due to inadequate medical treatment. *Id.* at 3.

18 U.S.C. § 3582(c)(1)(A) permits the Court to reduce[1] Defendant's term of imprisonment and impose a period of supervised release (with or without conditions) that does not exceed the unserved portion of the original term of imprisonment if the Court finds that "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C.§ 3582(c)(1)(A). In the event the Court finds such extraordinary and compelling circumstances warrant a reduction, the Court should consider the 18 U.S.C. § 3553(a) factors, to the extent they are applicable, before determining whether to grant relief. *Id.*

---

[1] Section 3582(c)(1)(A) provides for a modification of a sentence by way of reduction of the term of imprisonment. 18 U.S.C. § 3582(c)(1)(A).

To the extent Defendant relies on the COVID-19 pandemic to demonstrate extraordinary and compelling circumstances, that reliance is misplaced. As it relates to COVID-19, the United States Court of Appeals for the Sixth Circuit has recently explained that, in light of the availability of COVID-19 vaccines, where an inmate has access to a COVID-19 vaccine, "incarceration during the COVID-19 pandemic . . . does not present an 'extraordinary and compelling reason' warranting a sentence reduction." *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021).

It is not clear from Defendant's motion whether the vaccine has been made available to him, but the Government represents that Defendant has been vaccinated for COVID-19. Resp. 2, ECF No. 729. Thus, under *Lemons*, the pandemic cannot be an extraordinary and compelling reason warranting Defendant's early release.

Defendant also asserts that he is receiving inadequate medical care for his ankle. *See, e.g.,* Mot. 3, ECF No. 732. Although the Court is concerned by these representations, it need not decide whether this allegedly inadequate treatment would be an "extraordinary and compelling reason." Even assuming that it would be such a reason, the § 3553(a) factors weigh against granting relief to Defendant.

First, a term of imprisonment is necessary to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense.

Here, Defendant was convicted of conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin and other narcotics. *See* PSR 1. The Court sentenced Defendant to a sentence at the lowest end of the guideline range. In order to reflect the seriousness of the offense, promote respect for the law, and provide just punishment, it is important that Defendant serve the entirety of the low-end-of-the-guidelines sentence imposed.

Second, the sentence needs to afford adequate deterrence. Defendant has five years remaining on his ten-year sentence. Mot., ECF No. 732. The Court does not believe a reduced sentence would adequately deter Defendant from future criminal conduct.

Finally, the Court finds that continued incarceration is needed to protect the public from further crimes by Defendant. Defendant's criminal history was a category III, and the Pre-Sentence Investigation Report depicts a long history of Defendant's criminal activity, including a conviction for assault and multiple arrests for domestic violence and assault. *See* PSR ¶¶ 61–84.

In sum, the Court has considered Defendant's medical conditions and the pandemic but finds the § 3553(a) factors weigh against reducing Defendant's sentence.

**III.**

For these reasons, Defendant's motion is **DENIED**. The Clerk is **DIRECTED** to terminate ECF Nos. 715 and 732.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**